Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001161
17-MAY-2017
09:16 AM

NO. CAAP-14-0001161

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


JPMORGAN CHASE BANK, NATIONAL ASSOCIATION,
Plaintiff-Appellee,
v.
WHITLEY UNGA, DAWN UNGA, EDDIE UNGA, MELIAME UNGA,
Defendants-Appellants,
and
HAROLDINE TRIPP, JEFFREY TRIPP,
Defendants-Appellees,
and
JOHN DOES 1-50 AND JANE DOES 1-50,
Defendants


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
KOʻOLAULOA DIVISION
(CIVIL NO. 1RC14-1-5800)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Reifurth and Chan, JJ.)

Defendants-Appellants Whitley Unga, Dawn Unga, Eddie Unga, and Meliame Unga (together, **the Ungas**) appeal from the "Order Granting Plaintiff's Motion for Summary Judgment and Writ of Possession Filed August 12, 2014" entered by the District Court of the First Circuit (**district court**)[1] on September 12, 2014, which awarded Plaintiff-Appellee JPMorgan Chase Bank, National Association (**JPMorgan**) a writ of possession for the property located at 55-706B Wahinepee Street, Laie, Hawaiʻi 96762 (**subject property**).

---

[1] The Honorable Maura McDermott Okamoto presided.

On appeal, the Ungas argue that the district court erred in (1) denying the Ungas' Motion to Dismiss and granting JPMorgan's Motion for Summary Judgment because the district court lacked jurisdiction over the case under Hawaii Revised Statutes (HRS) § 604-5(d); and (2) granting JPMorgan's Motion for Summary Judgment because there was a genuine issue of material fact as to whether JPMorgan had superior title to the subject property. As explained below, we conclude that the district court lacked jurisdiction over the matter, and therefore we need not address the merits of the Motion for Summary Judgment. Accordingly, we vacate the "Order Granting Plaintiff's Motion for Summary Judgment and Writ of Possession Filed August 12, 2014" and remand the case with instructions to dismiss the case for lack of jurisdiction.

In the Ungas' first point of error, they argue that the district court lacked jurisdiction over the summary possession action under HRS § 604-5(d) (2016), which provides:

§ 604-5 Civil jurisdiction.
. . . .
(d) The district courts shall not have cognizance of real actions, nor actions in which the title to real estate comes in question, nor actions for libel, slander, defamation of character, malicious prosecution, false imprisonment, breach of promise of marriage, or seduction; nor shall they have power to appoint referees in any cause.

(Emphasis added.)

Where a defendant asserts HRS § 604-5(d) as a defense to jurisdiction of the district court, District Court Rule of Civil Procedure (DCRCP) 12.1[2] requires the defendant to raise the defense in a written answer or motion, and attach an affidavit.

---

[2] **Rule 12.1. Defense of Title in District Courts.**
**Pleadings.** Whenever, in the district court, in defense of an action in the nature of an action of trespass or for the summary possession of land, or any other action, the defendant shall seek to interpose a defense to the jurisdiction to the effect that the action is a real action, or one in which the title to real estate is involved, such defense shall be asserted by a written answer or written motion, which shall not be received by the court unless accompanied by an affidavit of the defendant, setting forth the source, nature and extent of the title claimed by defendant to the land in question, and such further particulars as shall fully apprise the court of the nature of defendant's claim.

Deutsche Bank Natʻl Tr. Co. v. Peelua, 126 Hawaiʻi 32, 36, 265 P.3d 1128, 1132 (2011). In Peelua, the Hawaiʻi Supreme Court explained that "[u]nder the plain language of Rule 12.1, an affidavit that raises a defense to the court's jurisdiction must set forth 'the source, nature, and extent of the title claimed by defendant' and 'further particulars' sufficient to 'fully apprise the court of the nature of defendant's claim.'" Id. The supreme court clarified that "further particulars" in this context "suggests that the affidavit must include some details or specificity regarding the nature of defendant's claim." Id. at 37, 265 P.3d at 1133. The supreme court noted that a declaration that merely asserts that title is at issue fails to provide "the source, nature, and extent of [the] claim." Id. at 37-38, 265 P.3d at 1133-34 (internal quotation marks and citation omitted).

In support of his jurisdictional defense, the defendant in Peelua attached an affidavit to the Motion to Dismiss, which provided:

> 5. I am the owner of the Property identified in the Complaint filed in this matter. Because of time constraints, I cannot file a copy of my Deed to the property with this affidavit, but I will furnish a copy of the Deed as soon as I can.
>
> 6. The Property identified in the Complaint consists of lands which have been owned by [defendant's] family for generations, going back to the time of the Great Mahele.
> . . . .
>
> 8. The Property has passed down through my family over time, and it was eventually deeded to me by my family.
>
> 10. . . . . I was defrauded, duped, coerced and tricked into engaging in transaction [sic] which involve the Property in the Complaint.

Id. at 35, 265 P.3d at 1131 (emphasis omitted). The supreme court observed that the defendant "assert[ed] in his affidavit that he has a deed to the property. However, [defendant's] affidavit does not describe the contents of the deed or the type of deed he acquired." Id. at 38, 265 P.3d at 1134. The supreme court noted that "to fully apprise the court, a defendant would need to provide some details regarding the basis for the title." Id.

In contrast, in Ass'n of Apartment Owners of Century Ctr., Inc. v. An, 139 Hawaiʻi 278, 286, 389 P.3d 115, 123 (2016),

the supreme court held that the defendant's affidavit satisfied the requirements of DCRCP 12.1. In <u>An</u>, the defendant's affidavit stated in relevant part:

> 2. I acquired title to the real property identified as 1750 Kalakaua Avenue, Apartment 116, Honolulu Hawaii 96826 (the "Real Property") from Lisa Yongsonyi Nose by virtue of an Agreement of Sale dated December 7, 2010 and recorded as Land Court Document No. 4028097. The purchase price for the Real Property was $320,000.
>
> 3. I am the sole·owner of the equitable interests in the Real Property.
>
> 4. My interest in the Real Property was wrongfully foreclosed upon by the Plaintiff, as set forth in detail in the Counterclaim filed concurrently herewith.
> . . . .
>
> 6. In or about June of 2012, I reached an agreement with the AOAO ‚to pay down the delinquent assessments over a twelve month period and to remain current on the monthly maintenance fee assessments.
> . . . .
>
> 9. . . . Thereafter, I continued to make the settlement payments and the monthly maintenance fee payments in the amounts set forth in the monthly statements.
> . . . .
>
> 14. I spoke to Hawaiiana regarding the notice of foreclosure sale of the Real Property and was told that as long as I was making any settlement payments and monthly payments, the foreclosure sale would not occur.
> . . . .
>
> 18. I dispute the Plaintiff's alleged title to the Real Property is superior to my title to the Real Property.

<u>Id.</u> at 281-82, 389 P.3d at 118-19. The supreme court noted that "the <u>source</u> of title was the agreement of sale, the <u>nature</u> of title was [defendant's] resulting equitable interest in the Property, and the <u>extent</u> of the title was [defendant's] sole owner[ship] of the interest." <u>Id.</u> at 286, 389 P.3d at 123 (emphasis added) (internal quotation marks and citation omitted). The supreme court also concluded that An's statements that her interest in the property had been wrongly foreclosed upon by the AOAO because she had made all the payments required under a settlement agreement with the AOAO, and had been assured there would be no foreclosure as long as she was making her settlement payments, sufficiently showed how An's allegations had a bearing on her claim to title to the property. <u>Id.</u> at 287, 389 P.3d at 124.

In the instant case, the Ungas argue that because they asserted their defense to jurisdiction in a written motion, and attached a declaration of Whitley Unga (**Mr. Unga**) which sets forth the source, nature, and extent of the title claimed by Mr. Unga (**Mr. Unga's Declaration**), they satisfied the requirements of DCRCP 12.1, and the district court therefore should have dismissed the action for lack of jurisdiction. Mr. Unga's Declaration stated in relevant part:

> 1. I am a named Defendant in this action and claim an interest in the real property located at 55-706 B Wahinepee Street, Laie, Hawaii 96762 ("subject property"), which is the subject of the above-entitled action. As necessary to defend my superior title interest in said property, I hereby make the following averments, based upon my own personal firsthand knowledge, setting forth the source, nature, and extent of my claim to superior title to my property in compliance with Rule 12.1 of the Hawaii District Court Rules of Civil Procedure, requiring this Court to dismiss this action forthwith for lack of subject matter jurisdiction:
>
> 2. I am the rightful owner and superior title holder of the subject property. I acquired my interest in the subject property in June 2005 by the Grant Deed, a true and correct copy of which is attached hereto as Exhibit "1", which was recorded as Document No. 2005-130925 on July 1, 2005. This deed represents the source of my claim to superior title herein.
> . . . .
>
> 7. However, as argued in my attorneys' attached Motion, MERS failed to conduct its alleged nonjudicial foreclosure in compliance with HRS Section 667-5, and the Mortgage, rendering the foreclosure statutorily void and by conducting a nonjudicial foreclosure without authority, the purported foreclosure was conducted by fraud as to the very documents attempting to effect the foreclosure.
> . . . .
>
> 14. Thus, as argued further in my attorneys' attached Motion, both the nonjudicial foreclosure and any subsequent attempt to transfer title to the property are void and unenforceable and as such Plaintiff cannot have superior title to the subject property.

Attached to Mr. Unga's Declaration was a copy of the grant deed referred to in Mr. Unga's Declaration (**Grant Deed**).[3] The Grant Deed stated:

> Jeffrey Tripp and Haroldine Tripp, husband and wife, as tenants by the entirety hereby GRANT(s) to Jeffrey Tripp and Haroldine Tripp, husband and wife, as joint tenants as to an undivided 50% interest, and Whitley Antilose Unga, a married man, as his sole

---

[3] On June 17, 2005, Mr. Unga and non-parties Jeffrey Tripp and Haroldine Tripp acquired the subject property by a grant deed, which was recorded on July 1, 2005 in the Bureau of Conveyances of the State of Hawai'i as Document No. 2005-130925.

and separate property, as to an undivided 50% interest, all as tenants in common the [subject property]
. . . .

Mr. Unga's Declaration established that the source of his title was the Grant Deed. The attached Grant Deed demonstrated that the nature and extent of Mr. Unga's title was Mr. Unga's undivided fifty percent interest as a tenant in common. Mr. Unga's Declaration also provided sufficient "further particulars" to apprise the court that the nature of his claim to title was the alleged invalidity of the nonjudicial foreclosure.

Because Mr. Unga provided enough detail in his declaration and the attached Grant Deed to sufficiently set forth the source, nature, and extent of the title claimed and such further particulars apprising the court of the nature of his claim under DCRCP 12.1, the district court should have dismissed the case for lack of jurisdiction under HRS § 604-5(d).

Therefore, we vacate the "Order Granting Plaintiff's Motion for Summary Judgment and Writ of Possession Filed August 12, 2014," filed on September 12, 2014 in the District Court of the First Circuit. This case is remanded to the district court with instructions to dismiss the case for lack of jurisdiction. Other points raised in this appeal are therefore moot.

DATED: Honolulu, Hawai'i, May 17, 2017.

On the briefs:

Gary Victor Dubin and
Katherine S. Belford
for Defendants-Appellants

Bernard R. Suter
(Keesal, Young & Logan, LLP)
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

6